UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-CR-00130-8 |
| ) | |
| MICHAEL FORRESTER, JR., ) | |
| ) | |
| Defendant. ) | |

ORDER

The Motion for Entry of a Preliminary Order of Forfeiture (ECF No. 2676) is GRANTED and the Court finds as follows:

Based on the Third Superseding Indictment and the representations of the United States of America and Defendant Michael Forrester, Jr. in this matter, the Court finds as follows:

On June 29, 2018, the United States of America filed a Third Superseding Indictment charging the Defendant, in pertinent part, with a violation of 18 U.S.C. § 1962(d) as charged at Count One.

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 1963(a)(1) and (3), the Forfeiture Allegation of the Third Superseding Indictment gave notice that upon conviction of Count One, the Defendant shall forfeit his interest in any property constituting, or derived from, any proceeds which the Defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962(d).

On September 16, 2022, a jury of his peers found the Defendant guilty to a violation of 18 U.S.C. § 1962(d).

The United States and the Bureau of Alcohol, Tobacco, Firearms and Explosives established nexus of the following property to the violation of 18 U.S.C. § 1962(d) as charged at Count One to which the Defendant has been found guilty:

    i. currency and financial instruments, more particularly described in <u>Exhibit A</u>;

    ii. any and all firearms, more particularly described in <u>Exhibit B</u>;

    iii. any and all ammunition and magazines, more particularly described in <u>Exhibit C</u>;

    iv. any and all weapons, including, but not limited to, brass knuckles and knives, more particularly described in <u>Exhibit D</u>;

    v. any and all Mongols Motorcycle Gang paraphernalia, including, but not limited to, decorative items, photographs, documents, clothing, accessories, jewelry, leather vests, hats, etc., more particularly described in <u>Exhibit E</u>;

    vi. any and all related documents, more particularly described in <u>Exhibit F</u>; and

    vii. other miscellaneous assets, including, but not limited to, a Harley Davidson motorcycle, body armor and firearms accessories, more particularly described in <u>Exhibit G</u>

(collectively "Subject Property").

The Defendant had notice of the intent of the United States to forfeit the Subject Property and has had an opportunity to be heard on this matter.

There is a preponderance of the evidence that the Subject Property is subject to forfeiture because it consists of property constituting, or derived from, any proceeds which the Defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962(d). Accordingly,

A. A Preliminary Order of Forfeiture — extinguishing Defendant Michael Forrester, Jr.'s interest in the Subject Property and vesting it in the United States — is hereby entered pursuant to 18 U.S.C. § 1963(a)(1) and (3). The Subject Property shall be seized by the Attorney

General (or his designee) and shall be turned over by any property custodian in possession thereof to the Attorney General (or his designee).

    B.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment in a Criminal Case, specifically or by reference herein.

    C.    Upon entry of this Preliminary Order of Forfeiture, the Attorney General (or his designee) shall commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

    D.    Pursuant to 21 U.S.C. § 853(n), any person or entity, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of their alleged interest in the Subject Property. The hearing shall be held before the court alone, without a jury.

    E.    If no third-party files a timely claim, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    F.    Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

    G.    Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

H. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided by 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
Chief United States District Court Judge